IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES WILLIAM HOOPER,

                    Plaintiff,                  OPINION AND ORDER

v.

KETTLE MORAINE CORRECTIONAL CENTER,        11-cv-11-slc
OFFICER MYERS,

                    Defendants.

---

This is a proposed civil action in which plaintiff Charles William Hooper alleges that his civil rights were violated. Hooper asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Hooper has given the court, the court concludes that plaintiff presently has no means with which to pay an initial partial payment of the $350 fee for filing his complaint.

The next step is determining whether Hooper's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

ALLEGATIONS OF FACT

In his complaint, Hooper states:

> On August 22, 2009 I was denied to attend in the Ramadan feast, I was placed in segregation just to feel safe from the assaults from inmates and I was placed on the floor in segregation and I was also repeatedly beat by an inmate and assaulted.

Hooper claims that his requests for help were ignored and he was harassed by officers. Hooper was placed in a cold cell with no clothing, no blankets and no food for 24 hours. Also, Hooper was denied visitation, phone calls and incoming and outgoing mail.

OPINION

Fed. R. Civ. P. 8. requires that a complaint set forth a (1) short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  In this case, Hooper's complaint is short but does not set forth a plain statement of his claims.  His allegations of mistreatment are disturbing.  He does not, however, say who failed to protect him from being assaulted by another inmate, who placed him in a cold cell for 24 hours without food or who failed to allow him to attend a Ramadan feast.

Because Hooper's complaint does not comply with Rule 8, the court will dismiss it without prejudice.  Hooper will be afforded an opportunity to submit an amended complaint that complies with Rule 8.  Attached to this opinion is a blank complaint form for plaintiff to fill out.  In filling out the form, plaintiff should explain his claims in full sentences, numbered paragraphs and a way that would enable someone reading the complaint to answer the following questions:

- Where was he incarcerated when these alleged events occurred?

- When did the events occur?

- Who failed to protect Hooper from assault by another inmate?

- Who placed Hooper in a cold cell for 24 hours without clothing, blankets or food?

- What religion does he practice and how was he denied the right to practice it?

- Who did not allow him to attend the Ramadan feast?

- When was Hooper denied visitation, telephone calls and mail privileges and by whom?

For each alleged constitutional violation, Hooper must provide specific facts about what happened, when it happened and who did it.  For instance, although Hooper names Office Meyers

2

in the caption of his complaint, he does not say what Meyers did or failed to do that violated Hooper's constitutional rights. Also, Hooper is advised that the Kettle Moraine Correctional Center, as an institution, cannot be sued. Hooper must name the actual people who took the actions (or who failed to act) that violated his constitutional rights.

Hooper will have **until February 28, 2011, to file an amended complaint** that complies with Rule 8 and this opinion and order. If Hooper does this, the court will take the amended complaint under advisement for screening of his remaining claims pursuant to 28 U.S.C. § 1915(e)(2). If he fails to respond to this order to this order by February 28, however, the claims will remain dismissed.

ORDER

IT IS ORDERED that: (1) plaintiff Charles Hooper's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8; (2) he may have until February 28, 2011, in which to file an amended complaint that complies with Fed. R. Civ. P. 8; and (3) if plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case.

Entered this 25th day of January, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge